JOHN F. BAUM (SBN 148366)
jbaum@hkemploymentlaw.com
CHINA WESTFALL (SBN 300982)
cwestfall@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, CA 94104-1255
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE STATE OF CALIFORNIA, ex rel ALMEA LUIS,<br><br>Plaintiffs,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and VITAS HEALTH SERVICES OF CALIFORNIA, INC.,<br><br>Defendants. | Case No.<br><br>[Alameda Superior Court Case No.: RG17851533]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**<br><br>[Filed Concurrently with Civil Cover Sheet; Certificate of Interested Parties; and Declarations of China Westfall, Craig Pritchard and Dean Robertson]<br><br>Complaint Filed: March 3, 2017 |
| ALMEA LUIS,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and VITAS HEALTH SERVICES OF CALIFORNIA, INC.,<br><br>Defendants. | |

DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S
NOTICE OF REMOVAL TO FEDERAL COURT; CASE NO.:

4830-2721-7334

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441(a), (b) and 1446, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant" or "VITAS") hereby removes the above-entitled action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

## JURISDICTION AND VENUE

Defendant asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. (28 U.S.C. §§ 1441(a) and 1446(a).)

## PROCEDURAL BACKGROUND

On March 3, 2017, Plaintiff Almea Luis ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Alameda, entitled *The State of California, Ex Rel Almea Luis v. Vitas Healthcare Corporation Of California, et al,* Case No. RG17851533 (hereinafter "State Court Action"). This matter was filed under seal, while the State of California determined whether it would intervene pursuant to the False Claims Act. The State of California declined to intervene and ordered the Complaint to be unsealed and served. (Declaration of China Westfall ("Westfall Decl.") ¶ 2.)

On February 5, 2020, Plaintiff served Defendant's agent for service of process with a copy of the complaint. (A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached as Exhibit ("Exh.") A to Westfall Decl.; Westfall Decl. ¶ 3.) Vitas Health Services of California, Inc. has not been served with the summons or complaint. (*Id.*)

DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S
NOTICE OF REMOVAL TO FEDERAL COURT; CASE NO.:

On March 5, 2020, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of Alameda. (Westfall Decl. ¶ 4; Exh. A.)

As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Alameda. (Westfall Decl., ¶ 5; Exh. B).

## DIVERSITY OF CITIZENSHIP

Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is a resident of the State of California. (Complaint ¶ 23.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) Residence is *prima facie* evidence of domicile. (*State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).) Accordingly, Plaintiff is a citizen of the State of California.

VITAS' Citizenship. Plaintiff alleges accurately that VITAS is a Delaware corporation. (Complaint ¶ 24.) VITAS is a corporation organized under the laws of the State of Delaware, with its principal place of business in the state of Florida. (Declaration of Dean Robertson ("Robertson Decl.") ¶ 3.) Corporations are citizens of: (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business." (28 U.S.C. § 1332(c)(1).) The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." (*Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).) At the time of the filing of the Complaint in this case and as of today, VITAS maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400, Miami, Florida 33131. (Robertson Decl. ¶ 3.) At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of VITAS reside and work in the surrounding areas near Florida and,

1 when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida. (*Ibid.*) As a result, VITAS is a citizen of Delaware and Florida.

Other Defendants. Plaintiff has also named Defendant Vitas Health Services of California, Inc. as a defendant. This entity is also a citizen of Florida, as its principal place of business is in the state of Florida. At the time of the filing of the Complaint in this case and as of today, Vitas Health Services of California maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400, Miami, Florida 33131. (Robertson Decl. ¶ 4.) At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of Vitas Health Services of California reside and work in the surrounding areas near Florida and, when decisions are made about the business of Vitas Health Services of California, such decisions are made by those officers in Miami, Florida. (*Ibid.*)

Diversity. Complete diversity of citizenship exists under 28 U.S.C. § 1332 inasmuch as Plaintiff is a citizen of the State of California and the two named Defendants, VITAS and Vitas Health Services of California, are citizens of the state of Florida. There is accordingly complete diversity of citizenship.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. (*See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).) Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. (*Id.* at 839 (setting forth the "preponderance of the evidence" standard).)

The State Court Action involves Plaintiff's claims against Defendant for: (1) Violation of the California Insurance Fraud Protection Act, Cal. Ins. Code § 1871.7; (2) Injunctive Relief, Cal. Ins. Code § 1871.7; (3) Violation of the California False Claims Act, Cal. Gov. Code § 12651(a)(1); (4) Violation of the California False Claims Act, Cal. Gov. Code § 12651(a)(2); (5) Violation of the California False Claims Act, Cal. Gov. Code § 12651(a)(8); (6) Whistleblower Retaliation in Violation of Cal. Lab. Code § 1102.5; (7) Retaliation in Violation of Cal. Health &

3

1  Saf. Code § 1278.5; (8) Retaliation under Cal. Ins. Code § 1871.7(K); (9) Retaliation under Cal.
2  Gov. Code § 12653. (Complaint, pp. 1, 21-28.) Plaintiff alleges that as a result of Defendant's
3  actions, she suffered actual, consequential and incidental financial loss, including loss of earnings
4  and benefits as well as emotional anxiety and feelings of hopelessness. (Complaint ¶¶ 132, 138.)

5  Plaintiff prays for relief that includes: (1) past and future lost compensation and benefits
6  based upon retaliation; (2) compensatory damages, including but not limited to emotional distress
7  damages; (3) punitive and/or exemplary damages; (4) interest on judgment, including pre-judgment
8  interest, to the extent permitted by law; (5) liquidated damages where statutorily permitted; (6) Civil
9  penalties of $10,000 for each violation of Insurance Code § 1871.7 and Government Code § 12650 from
10 the commencement of the statutory period through the time of trial; (7) recovery of all reasonable
11 attorneys' fees, expert witness fees, litigation expenses and costs incurred in the filing and
12 prosecution of this action under each of the identified statutes, and under § 1021.5 of the
13 California Code of Civil Procedure; among other prayers for relief. (Complaint, Prayer for Relief,
14 p. 29, ¶¶ 1-11.)

15 <u>Calculations</u>. As demonstrated below, the allegations in the Complaint make it more
16 likely than not that the amount in controversy exceeds $75,000. In calculating alleged damages,
17 although Defendant denies that it is liable to Plaintiff in any amount or manner, Defendant has
18 assumed each of Plaintiff's claims would be successful for purposes of calculating the amount in
19 controversy, particularly in light of the fact that the Complaint does not provide more precise
20 calculations. (*See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal.,
21 2010) ("[C]ourts have assumed a 100% violation rate . . . in calculating the amount in controversy
22 when the complaint does not allege a more precise calculation.").)

23 Although Defendant denies that Plaintiff was damaged in any amount, assuming arguendo
24 that Plaintiff prevails at trial, there is a possibility that she will be awarded over $75,000 in
25 damages. There have been, in recent years, several verdicts in discrimination/wrongful
26 termination cases (similar to the claims Plaintiffs assert in the State Court Action) entered in favor
27 of plaintiffs in California where the awarded damages exceeded $75,000. (*See Wysinger v.*
28 *Automobile Club of Southern California*, (2008) 157 Cal. App. 4th 413; *Lopez v. Bimbo Bakeries*

4

*USA, Inc.*, 2009 WL 1090375; *Dickinson v. Allstate Insurance Company*, 2013 WL 1695574.) Similarly, there have been many awards to Plaintiffs in California of over $75,000 under the Insurance Fraud Protection Act, another statutory scheme under which Plaintiff has asserted a claim. (*See e.g., People ex rel. Allstate Insurance Co. v. Muhyeldin* (2003) 112 Cal.App.4th 604.)

Lost Wages. Pursuant to all of her causes of action, Plaintiff alleges that she has suffered "loss of earning, and other employee benefits and job opportunities," and prays for damages to compensate for these alleged losses. (Complaint ¶¶ 132, 138; Prayer for Relief, p. 29, ¶ 2.) Although the Complaint does not specify the amount of damages at issue, there is no doubt that the damages Plaintiff seeks – including compensatory damages, punitive damages and attorneys' fees–exceed $75,000.

At the time of her separation from employment on February 1, 2017, Plaintiff was classified to work 40 hours per week and was paid an hourly rate of $56.49. (Declaration of Craig Pritchard ["Pritchard Decl."], ¶¶ 3-5.) Plaintiff's claim for lost earnings, which will run from her date of separation through an estimated trial date of February 5, 2021 (approximately 1 year from the date defendant was served with the State Court Action), would total approximately $472,256 ($56.49 per hour x 40 hours per week x 209 weeks), less all mitigation, which is unknown at this time. Consequently, Plaintiff's claims for lost earnings total well above the $75,000.00 threshold.

Emotional Distress Damages. Plaintiff also alleges that she has suffered severe anxiety and emotional hopelessness and seeks compensatory damages for such emotional distress. (Complaint ¶¶ 132, 138.) Emotional distress damages may be considered when calculating the amount in controversy. (*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).)

Punitive and Exemplary Damages. In addition, Plaintiff alleges that Defendant acted with fraud, thus subjecting Defendant to punitive damages. (Complaint ¶¶ 1, 6, 23, 37, 40, 41, 45, 83; Prayer for Relief, p. 29.) In determining the amount in controversy, a court "must consider the amount of actual and punitive damages." (*Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx., 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (stating that

"[i]t is well established that punitive damages are part of the amount in controversy in a civil action.").)

<u>Attorneys' Fees</u>. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).) The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. (*See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002).) Plaintiff has sought attorneys' fees in the Complaint for her third, fourth, sixth, seventh, eighth and ninth causes of action. (Complaint ¶¶ 113, 119, 133, 139, 144, 149, Prayer for Relief, p. 29.) Fees should therefore be included in analyzing the amount in controversy and would make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>Total Amount in Controversy</u>. Based on the discussion above, the amount in controversy based just on alleged economic damages, emotional distress damages, punitive damages, and attorneys' fees is, more likely than not, in excess of $75,000. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount, exclusive of interest and costs, needed to meet the amount in controversy requirement. (*See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).)

## NOTICE OF REMOVAL IS TIMELY

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

(*Ibid.*)

In this case, the Complaint was served on VITAS on February 5, 2020. (Westfall Decl. ¶ 3.) Defendant ascertained upon the date of service that this case was removable. This Notice of Removal was filed on March 6, 2020, within 30 days of service of the Complaint. Removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. section 1446(b). (*See, e.g., Hillberry v. Wal-Mart Stores East, L.P.*, 2005 U.S. Dist. LEXIS 15942 (W.D. Ky. Aug. 3, 2005).)

## CONCLUSION

For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332(a) and 1441.

Dated: March 6, 2020                                HIRSCHFELD KRAEMER LLP

By: _/s/ China Westfall_____
John F. Baum
China Westfall
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S
NOTICE OF REMOVAL TO FEDERAL COURT; CASE NO.:

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 456 Montgomery Street, Suite 2200, San Francisco, California 94104-1255. On March 6, 2020, I served the following document(s) by the method indicated below:

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

*Attorneys for Plaintiff, Almea Luis:*

Bryan J. Schwartz, Esq.
Bryan Schwartz Law
180 Grand Ave., Suite 1380
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com

*Attorneys for State of California:*

Xavier Becerra, Esq.
Gerald A. Engler, Esq.
Saralyn M. Ang-Olson, Esq.
Vincent Dicarlo, Esq.
Jennifer S. Gregory, Esq.
Attorney General's Office
2329 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833
Telephone: (916) 621-1823
Facsimile: (916) 274-2929
E-mail: jennifer.gregory@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 6, 2020, at San Francisco, California.

_____
Julie Goodfield